PAINE v. UNITED STATES PLAYING–CARD CO.

(Circuit Court, D. New Jersey. December 17, 1898.)

PRELIMINARY INJUNCTION—SUFFICIENCY OF SHOWING.

A preliminary injunction will not be granted where it appears, from the moving papers and answering affidavits, not only that plaintiff's right to the injunction is not clear, but that there are substantive matters of defense, which ought not to be tried on ex parte affidavits, and it is further shown that the defendant is financially responsible.

On Motion for Preliminary Injunction.

Fred L. Chappell, for complainant.
A. V. Brieson, for defendant.

KIRKPATRICK, District Judge. The bill of complaint in this cause is filed by Cassius M. Paine against the United States Playing-Card Company, seeking, by way of preliminary injunction, the enforcement of the terms of a contract entered into in 1892 between the complainant and the National Card Company. The clause of the contract under which the relief is sought is as follows:

"Said second party [meaning the National Card Company] contracts and agrees that during the life of this contract it will not, directly or indirectly, handle, manufacture, or sell any other apparatus, method, or system for duplicate whist."

The bill alleges that:

"The said National Card Company, after entering into said contract with your orator, merged itself, with other playing-card companies, into a new corporation, organized under the laws of the state of New Jersey, which is the defendant herein, and known as the 'United States Playing-Card Company.'"

What the terms of the merger were, or whether the contracts and obligations of the National Card Company were transferred or assumed by the United States Playing-Card Company, is not set forth. The answering affidavits of the defendant company deny that any such transfer or assumption of the particular contract was made, and go so far as to deny the merger as set out in the bill and affidavit of the complainant which is annexed to same. An effort has been made to show that the defendant was acquainted with the contents and terms of the contract made with the National Card Company. That may be admitted, and yet the moving papers be free from conclusive proof of its assumption. It may be true that the defendant has manufactured and is manufacturing the complainant's system of duplicate whist, but in so doing it may be but a tort feasor. If it were otherwise, and it were assumed that the defendant was as much bound by the contract as the National Card Company, a perusal of the contract, and an examination and consideration of the moving papers and answering affidavits, reveal so many substantive matters of defense that I do not feel they ought to be determined upon a motion for a preliminary injunction. Not only is the right of the complainant to hold the defendant herein to a performance of the contract not clearly shown, but serious objections are raised as to the validity of the contract itself,—whether it is not void for failure of consideration, or as being contrary to public policy, and whether, if valid, it has not by its terms expired. These are questions that ought not to be decided upon ex parte affidavits, nor until the parties have had opportunity to present to the court the fullest proof respecting the same. The defendant corporation is represented to be of the largest financial responsibility, and it is questionable whether an action at law would not afford the complainant all the relief to which he may be entitled. To grant an injunction at this time would be to determine in advance, in favor of the complainant, all the disputed questions in the case, without giving the defendant an opportunity to be heard. The interference of the court by way of injunction does not seem necessary to preserve any right which the complainant may have. The injury which might be done the defendant through the stoppage of its business, for which it could recover no compensation, would far exceed any benefit to be derived by the complainant thereby. The motion for a preliminary injunction will be denied.